UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**GLENN M. DAVIS,**

    Plaintiff,

  v.                                                        Case No. 19-CV-1742

**JOHN CHISHOLM,**
**MILWAUKEE CRIME LABORATORY, and**
**WISCONSIN DEPARTMENT OF JUSTICE,**

    Defendants.

## ORDER DENYING MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND REPORT AND RECOMMENDATION TO DISMISS[1]

On November 27, 2019, Glenn M. Davis filed a *pro se* complaint against Milwaukee County District Attorney John Chisholm, the Wisconsin Crime Laboratory, and the Wisconsin Department of Justice.[2] (Docket # 1.) Davis also filed a motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket # 2.) Because Davis's complaint does not state a claim on which relief can be granted and amendment would be futile, I will deny his motion and recommend that the case be dismissed.

## ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent

---

[1] Because the defendant has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding dismissal. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461 (7th Cir. 2017).

[2] Davis files a supplemental document naming other individuals he alleges were involved in criminal activity, including the Chief Deputy District Attorney, the current and former heads of the DNA Task Force, the current and former heads of the Sensitive Crimes Division, the former Assistant Milwaukee County District Attorney, and the prosecutor in his criminal conviction. (Docket # 4 at 1.)

litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Davis states that his sole monthly income is $700.00 from SSI. (Docket # 2 at 2.) He does not list itemized expenses other than $170 for housing, but states that his total monthly expenses are $700. (*Id.* at 2–3.) Davis avers that he has no assets or cash. (*Id.* at 3–4.) On this information, I conclude that Davis cannot pay the filing fee of $400.

However, Davis's complaint does not state any claim on which relief could be granted. Davis complains that the defendants have failed to provide him with DNA evidence from a

2

decades-old Wisconsin criminal case, 97CF972482.³ (Docket # 1.) Davis alleges that the defendants have told him this evidence does not exist. (*Id.* at 1.) Davis believes the defendants have destroyed the evidence and/or obstructed justice in violation of 18 U.S.C. §§ 1503, 1505, 2071 and a number of Wisconsin statutes, and wants the U.S. Attorney to prosecute the defendants for these actions. (*Id.* at 1–2; Docket # 4 at 1–2.) Davis also wants the district attorney(s) to be prosecuted for withholding evidence before he accepted a plea agreement, which he believes violated the "clean hands" doctrine and constituted a *Brady* violation; for failing to follow the order of a Milwaukee County judge that the DNA evidence in question be processed; and for showing a "pattern of indifference." (Docket # 1 at 2.)

Even construing Davis's complaint liberally, I cannot discern a cognizable cause of action. Federal law does not authorize suits by private citizens to compel the U.S. Attorney to investigate or prosecute crimes. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1972) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Bilal v. Wolf*, No. 06 C 6978, 2009 WL 1871676, at *7 (N.D. Ill. June 25, 2009) ("As a general matter, a victim of a crime does not have standing to seek the prosecution of the person who committed the offense. . . . Also, a private citizen has no standing to initiate a criminal prosecution.") (citing *Linda R.S.*, 410 U.S. 614; *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Lundy v. United States*, No. 07-1008, 2007 WL 4556702 (C.D. Ill. Dec. 21, 2007),

---

³ In 2008, Davis filed two cases alleging the same basic facts, which Judge Griesbach construed as a civil rights complaint and a habeas petition. *Davis v. Chisholm*, Nos. 08-C-211 and 08-C-212, 2008 WL 1968759, at *1 (E.D. Wis. May 2, 2008). Judge Griesbach dismissed both cases, concluding that "the entire premise of Davis' civil action is . . . untrue." *Id.* Judge Griesbach pointed to the 2008 decision of the Wisconsin Court of Appeals affirming the denial of Davis's petition to compel production of the DNA evidence, explaining that it would not compel someone to produce something that does not exist, and instructing Davis "in no uncertain terms" to stop his repeated filings on this subject. *Id.* (citing *State ex rel. Davis v. Chisholm*, Appeal No. 2007AP796 (Wis. Ct. App. 2008)).

*modified in other respects by* 2008 WL 2510172 (C.D. Ill. June 19, 2008)). Rather, a person who believes a federal crime has been committed should notify federal law enforcement.

As for Davis's other alleged bases for relief, the clean hands doctrine is not a basis for liability, but an equitable defense. *See Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 814–15 (1945). Withholding evidence in a criminal case could violate one's constitutional rights and be cognizable in a habeas petition under *Brady v. Maryland*, 373 U.S. 83 (1963), but Davis is plainly not entitled to such relief. Davis's complaint cannot plausibly be construed as a habeas challenge; he does not allege that he is currently under any sentence, names no custodian as a respondent, and requests no relief from custody. Furthermore, a habeas challenge on these grounds would be barred by the one-year deadline for filing under § 28 U.S.C. 2244(d)(1),[4] if not by the dismissal of his 2008 habeas petition.

In sum, Davis's complaint fails to state any federal claim, and there is no likelihood that amendment of the complaint would cure its defects. Furthermore, with no cognizable federal claim, this court cannot exercise supplemental jurisdiction over Davis's Wisconsin law claims. *See* 28 U.S.C. § 1367(c)(3). For these reasons, I will deny his request to proceed *in forma pauperis* and recommend that the action be dismissed.

## ORDER AND REPORT AND RECOMMENDATION

**NOW, THEREFORE, IT IS ORDERED** that Davis's motion to proceed without prepayment of the filing fee (Docket # 2) is **DENIED**.

**NOW, THEREFORE, IT IS RECOMMENDED** that Davis's federal claims be dismissed with prejudice.

---

[4] According to Wisconsin court records, the most recent order of any kind in Davis's criminal case was a 2014 order by the Court of Appeals (2013AP2249).

**IT IS FURTHER RECOMMENDED** that Davis's state law claims be dismissed without prejudice for lack of subject matter jurisdiction.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 11th day of December, 2019.

BY THE COURT:

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge